UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No: 5:98-CR-00171-BR

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | ORDER |
| | ) | |
| REGINALD D. PARKER | ) | |
| | ) | |

This matter is before the court on defendant's letters received 2 April 2018 and 17 May 2019. (DE ## 133, 135.) Defendant requests that the record in this case, which pertains to his convictions for armed bank robbery and possession and use of a firearm during a crime of violence, be expunged. He cites the age of the case and states, "I no longer live a criminal lifestyle anymore[, and] I'm trying to better position myself in life and getting my record expunged will be a major accomplishment for me." (DE # 133.)

While the court is sympathetic to defendant's situation, the court does not have authority to order expungement. "There are a handful of federal statutes that give district courts specific authority to expunge convictions, but those statutes apply only in very narrow circumstances, none of which are present here." Townsend v. United States, No. CR JFM-88-409, 2017 WL 2556908, at *1 (D. Md. June 12, 2017) (citing 5 U.S.C. § 552a(d)(2) (allowing amendment of inaccurate public records); 18 U.S.C. § 3607(c) (allowing expungement of certain federal drug-possession offenses)). Unfortunately, the court cannot expunge defendant's record for the purely equitable reasons on which he relies. See United States v. Mettetal, 714 F. App'x 230, 235 (4th Cir. 2017) (agreeing with unanimous circuit authority that a federal court cannot invoke

its ancillary jurisdiction to entertain a petition to expunge criminal records for purely equitable reasons).

Because the court lacks jurisdiction, to the extent defendant's letters could be deemed motions, they are DISMISSED.[1]

This 23 May 2019.

                                                        W. Earl Britt
                                                        Senior U.S. District Judge

---

[1] The court notes that because defendant has completed his terms of imprisonment and supervised release, it appears his right to vote has been restored. See N.J. Stat. Ann. § 19:4-1(8) (West 2010) (disqualifying from suffrage any person "who is serving a sentence or is on parole or probation as the result of a conviction of any indictable offense under the laws of this or another state or of the United States"); McCann v. Superintendent of Elections of Hudson Cty., 696 A.2d 1124, 1125 (N.J. Super. Ct. App. Div. 1997) ("[R]estoration of voter status is withheld until the full rehabilitative design of a criminal sentence is achieved, i.e., until all the constituent requirements of the sentence imposed on a criminal conviction have been fulfilled.").